IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| ANTHONY WHITEHEAD, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| | ) CAUSE NO. 2:12-CV-388 |
| VS. | ) |
| | ) |
| UNITED PARCEL SERVICE, | ) |
| | ) |
| Defendant. | ) |

**OPINION AND ORDER**

This matter is before the Court on Defendant UPS' Motion to Dismiss, filed on July 16, 2013. For the reasons set forth below, the motion is **GRANTED**. This case is **DISMISSED without prejudice.**

BACKGROUND

*Pro se* Plaintiff, Anthony Whitehead ("Whitehead"), filed this civil action against United Parcel Service ("UPS") on September 25, 2012, pursuant to Title VII of the Civil Rights Act of 1964. According to the complaint, Whitehead was an employee of UPS for over 23 years. (Comp. ¶ 1, pg. 3). He was injured on the job on March 26, 2008, and was not able to return to work until the following March due to surgery and therapy. (Comp. ¶ 4, pg. 3). Starting in August of 2009, and ending in June of 2011, Whitehead reported many work-related conditions to

Mark Johnson ("Johnson") and Mike Nicalou ("Nicalou"), his supervisors. (Comp. ¶ 5, pg. 3). Among those issues were poor load conditions, packages not loaded securely, and failure to make safety a priority when working in dangerous neighborhoods. *Id*.

Johnson called Whitehead "stupid" in October of 2009, and an "idiot" in September of 2010. (Comp. ¶ 6, pg. 3-4). Nicalou told Whitehead in March of 2010 that "[t]here is nothing wrong with your load there is something wrong with you." (Comp. ¶ 6, pg. 4). Whitehead believes that Johnson and Nicalou were biased against him and "used company policies, rules and regulation to intimidate, harass, and discriminate against" him. *Id*. In May of 2011, Whitehead filed a charge of discrimination with the EEOC. (Comp. ¶ 5, pg. 3). Finally, in June of 2011, Whitehead was fired by Johnson and Nicalou. (Comp. ¶ 6, pg. 4).

On July 12, 2013, the Clerk of Court sent a notice to Whitehead explaining that he had failed to serve UPS within 120 days and that his failure to do so "shall, in the discretion of the court, be sufficient to warrant dismissal of the action, without prejudice, for failure to complete process pursuant to Rule 4(m) of the Federal Rules of Civil Procedure." (DE #4). The notice also stated that, if there was no action taken by June 27, 2013, the matter would be brought to the attention of this Court. On June 25, 2013, Whitehead executed service on

UPS. (DE #6).

UPS responded to the complaint with the instant motion to dismiss. UPS argues that dismissal is required pursuant to Federal Rule of Civil Procedure ("FRCP") 4(m) and FRCP 12(b)(5) because plaintiff did not serve UPS within the allowed time. UPS also argues that dismissal is required pursuant to FRCP 12(b)(6) for failure to state a claim. Additionally, UPS asks for reasonable attorneys' fees and costs.

This Court ordered Whitehead to file a response to UPS' motion on or before August 30, 2013. Whitehead did not file a response. The motion is therefore ripe for adjudication.

DISCUSSION

In determining the propriety of dismissal under Federal Rule of Civil Procedure 12(b)(6), the Court must accept all facts alleged in the complaint as true and draw all reasonable inferences in the light most favorable to the plaintiff. *Johnson v. Rivera*, 272 F.3d 519, 520 (7th Cir. 2001). A complaint is not required to contain detailed factual allegations, but it is not enough merely that there might be some conceivable set of facts that entitles the plaintiff to relief. *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1964-65 (2007), abrogating in part *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). A plaintiff has an obligation under Rule 8(a)(2) to

provide the grounds of his entitlement to relief, which requires more than labels and conclusions. *Id.* at 1965. A Rule 12(b)(6) motion to dismiss should be granted if the complaint fails to include sufficient facts to state a claim for relief that is plausible on its face. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). Factual allegations, taken as true, must be enough to raise a right to relief above the speculative level. *Id.* Moreover, a plaintiff may plead himself out of court if the complaint includes allegations that show he cannot possibly be entitled to the relief sought. *Jefferson v. Ambroz*, 90 F.3d 1291, 1296-97 (7th Cir. 1996).

Title VII prohibits employers from firing or otherwise discriminating "against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin. *See* 42 U.S.C. §§ 2000e–2(a)(1). A plaintiff alleging discrimination may prevail either by producing direct evidence of discrimination, or by utilizing the indirect burden-shifting method familiarized by *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1972). See *Arizanovska v. Wal-Mart Stores, Inc.*, 682 F.3d 698, 702 (7th Cir. 2012). Using the direct method, a plaintiff can prevail on a discrimination claim if he produces "either direct or circumstantial evidence that would permit a jury to infer that

discrimination motivated an adverse employment action." *Diaz v. Kraft Foods Global, Inc.*, 653 F.3d 582, 587 (7th Cir. 2011). A Plaintiff proceeding under the indirect method, on the other hand, must provide evidence that: (1) he is a member of a protected class; (2) he was meeting the employer's legitimate employment expectations; (3) he suffered an adverse employment action; and (4) similarly situated employees outside of the protected class were treated more favorably. *Naficy v. Illinois Dept. of Human Services*, 697 F.3d 504, *5 (7th Cir. 2012).

Whitehead's complaint asserts no facts that could be construed as direct evidence of discrimination. And, even under the indirect method of proof, his complaint fails to allege facts that, if true, would support a *prima facie* case. Whitehead has not even named the protected class that he belongs to. Likewise, he has not alleged that his performance met his employer's legitimate expectations or that others not in his protected class received more favorable treatment.

Whitehead's harassment claim fairs no better. A plaintiff wishing to sustain a Title VII harassment claim must prove that the workplace harassment is "so severe and pervasive that it altered the terms and conditions of plaintiff's employment" and a link between the adverse treatment and the plaintiff's protected class. *See Coffman v. Indianapolis Fire Dept.*, 578 F.3d 559, 564 (7th Cir. 2009). Again, Whitehead's failure to

identify his protected class requires dismissal. Additionally, the workplace conditions that Whitehead described were not "so severe and pervasive as to alter the terms and conditions of plaintiff's employment." *Coffman,* 578 F.3d 559, 564 (7th Cir. 2009). As the Supreme Court stated in *Faragher v. City of Boca Raton*, the standards are "sufficiently demanding to ensure that Title VII does not become a 'general civility code.'" *Faragher v. City of Boca Raton*, 524 U.S. 775, 788 (1998)(citing *Oncale v. Sundowner Offshore Services, Inc.*, 523 U.S. 75, 80 (1998). Even taking all Whitehead's allegations as true, he has not alleged that his workplace environment would satisfy the criteria established in *Coffman*.

Even if Whitehead's claims had not failed for the reasons noted above, it appears that many of his allegations would be time-barred. *See* 42 U.S.C. § 2000e-5(e)(1); *Racicot v. Wal-Mart Stores, Inc.*, 414 F.3d 675, 677 (7th Cir. 2005)(Complaints for unlawful employment practices must be filed with the correct agency within 300 days of the alleged misconduct).

The Court notes that, in the body of his complaint, Whitehead refers to Johnson and Nicalou as defendants. Whitehead utilized an employment discrimination complaint form provided by the Clerk's Office. Neither Johnson nor Nicalou are listed as defendants in the caption. In the first sentence of the complaint, there is a place for a plaintiff to list

defendants. Whitehead listed only UPS. Also on the first page, there is a section titled "Parties." Again, Whitehead lists only UPS as a defendant. Accordingly, the complaint will not be construed as naming either Johnson or Nicalou as defendants. However, the Court notes that, even if these individuals had been properly named as defendants, the complaint would still be dismissed in its entirety for failure to state a claim.

Because Whitehead has failed to state a claim of Title VII discrimination or harassment, this Court grants UPS' Motion to Dismiss.[1]

Request for Attorneys' Fees and Costs

UPS requests attorneys' fees and costs in its brief in support of the motion to dismiss. The request is not supported by any citation to legal authority. The request is **DENIED** with leave to refile. Any future request for attorneys' fees must include citations to relevant law that would authorize the requested award.

---

[1] The Court has considered UPS' request for dismissal pursuant to FRCP 4(m). The Court notes that the notice issued by this Court's Clerk's Office on June 12, 2013, indicated that, if Whitehead took no action by June 27, 2013, the matter would be brought to the attention of the Court. Whitehead served UPS on June 25, 2013. Service was completed well outside of the 120 days permitted by Rule 4(m). Nevertheless, based on the Clerk's Office' notice, which Whitehead may have construed as an extension of time, and the fact that this case must be dismissed under 12(b)(6) even in the absence of a violation of FRCP 4(m), the Court declines to rule on UPS' argument that the case should be dismissed under Rule 4(m).

CONCLUSION

For the set forth above, the UPS's motion to dismiss is **GRANTED**. This case is **DISMISSED without prejudice.**


DATED: October 22, 2013          /s/RUDY LOZANO, Judge
                                 United States District Court